IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GLORIA DAUGHTRY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 23-00366-JB-MU |
| | ) |
| **GRAHAM SHRIMP COMPANY, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on Defendant Ernest W. Anderson's ("Anderson") Motion to Dismiss. (Doc. 10). The Court entered a briefing schedule on the Motion, requiring Plaintiff to file a response not later than December 4, 2023. (Doc. 12). Plaintiff failed to file a response until January 3, 2024. (Doc. 17). Upon due consideration, the Court concludes that the Motion to Dismiss is due to be GRANTED.

**I.     Background:**

Plaintiff, an African American female, is *pro se*.[1] She alleges employment discrimination based on her race and color, pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §2000. (Doc. 1). The Complaint names Anderson and Graham Shrimp Company, Inc. as defendants. The instant Motion to Dismiss is filed only by Defendant Anderson.

---

[1] The Court "interprets the pleadings of *pro se* litigants more liberally than those drafted by counsel." *Miller v. Coastline Mgmt.*, 2021 U.S. Dist. LEXIS 217918, *3 (S.D. Ala. Nov. 10, 2021). However, the Court "may not serve as *de facto* counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 3 – 4 (quoting *Stone v. Stone*, 2018 U.S. Dist. LEXIS 114180 (N.D. Ala. July 10, 2018 (quoting *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011))). "While pleadings filed by *pro se* litigants are to be construed liberally, *pro se* parties are still required to 'conform to procedural rules.'" *Miller*, 2021 U.S. Dist. LEXIS 217918, *4 (quoting *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)).

Plaintiff alleges she began working for "Respondent" on July 14, 2014. (*Id.*). Plaintiff does not identify the "Respondent." She alleges the discrimination occurred at Defendant Graham Shrimp Company. Plaintiff alleges white co-workers received hours when she did not, and that her supervisor, Kenny Ladnier, terminated her after she posted a complaint on Facebook. Plaintiff does not allege Anderson was her supervisor. She identifies Defendant Anderson as the individual who discriminated against her during her "employment with the defendant company." She describes Anderson as the "white male owner."[2] Plaintiff does not allege Anderson was her employer, or state her claim against him in his capacity as agent of Graham Shrimp Company.

Defendant Anderson moves for dismissal of this action against him on grounds that he is not Plaintiff's employer. Anderson argues Title VII does not allow for individual capacity suits against those whose alleged actions may constitute a violation of the Civil Rights Act. Plaintiff filed a response in opposition to the Motion to Dismiss. (Doc. 17). It was untimely. Plaintiff was ordered to file a response not later than December 4, 2023, but she failed to do so until a month later, on January 3, 2024. The Plaintiff is cautioned that further failures to comply with Court orders may result in sanctions, including dismissal of her action. Apart from its untimely filing, Plaintiff's response offers only a conclusory statement that "Anderson is my employer." Apart from this statement, which is contradictory to the allegations of her Complaint, Plaintiff fails to address the legal arguments set out in Anderson's Motion to Dismiss.

---

[2] Both Defendants Anderson and Graham Shrimp Company, Inc. admit in their answers that Anderson owns Graham Shrimp Company, Inc. (Docs. 8 and 9).

II.     **Standard:**

In reviewing Defendant Anderson's Motion to Dismiss, the Court accepts the allegations in Plaintiff's Complaint as true and draws all reasonable inferences in Plaintiff's favor. *See, e.g., Omni Techs., LLC v. Know Ink, LLC*, 2020 U.S. Dist. LEXIS 160620, *3 n.3 (Sept. 2, 2020) (citing *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (in reviewing Rule 12(b)(6) motion, court must "accept[] the facts alleged in the complaint as true," and "draw[] all reasonable inferences in the plaintiff's favor"). However, the Court limits its review to the four corners of the Complaint. *Id.*

III.    **Analysis:**

"Relief under Title VII is available against **only the employer** and **not against individual employees** whose actions would constitute a violation of the Act." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (emphasis added). Proper recovery under Title VII is made by suing the employer, "either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991). "The only proper individual defendants in a Title VII action would be supervisory employees in their capacity as agents of the employer." *Hinson v. Clinch Cty., Georgia Bd. Of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000). "If the employer is already a defendant, claims against the supervisory employee in her official capacity are redundant." *Davis v. Infinity Ins. Co.*, 2016 U.S. Dist. LEXIS 115433, *59 (N.D. Ala. Aug. 29, 2016) (citing Busby, 931 F.2d at 776).

Anderson argues that the Complaint does not state a claim against him because he was not Plaintiff's employer. The Complaint does not allege Anderson was Plaintiff's employer, or that the claim asserted against him was in his official capacity or as agent of Defendant Graham

3

Shrimp Co. To the contrary, the face of the Complaint indicates Graham Shrimp Co. was Plaintiff's employer, and Graham Shrimp Co. is a named defendant. Kenny Ladnier is the only "supervisor" employee alleged in the Complaint, and he is not named as a defendant.

Plaintiff's untimely response does not address the legal authority or arguments articulated in Anderson's Motion to Dismiss. Plaintiff does make the conclusory statement in her response that "Anderson is my employer." (Doc. 17). However, Plaintiff "cannot supplement the allegations of the Complaint through a brief in response to a motion to dismiss, and Plaintiff certainly cannot contradict the allegations in the Complaint with a response to a [m]otion to [d]ismiss." *Ramirez v. City of Fort Lauderdale Fire Rescue*, 2019 U.S. Dist. LEXIS 72739, *4 (S.D. Fla. April 29, 2019) (citing *Wilchombe v. TeeVee Toons. Inc.*, 555 F.3d 949, 959 (11th Cir. 2009)). *See also, Erb v. Advantage Sales & Mktg. LLC*, 2012 U.S. Dist. LEXIS 109076, *8 – 9 (N.D. Ala. Aug. 3, 2012) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.), cert. denied, 470 U.S. 1054 (1984)).

Based on the four corners of the Complaint, Defendant Graham Shrimp Co., Inc. was Plaintiff's employer. Anderson was not. Plaintiff therefore cannot state a claim for relief under Title VII against Anderson.

## **CONCLUSION**

Upon due consideration, and for the reasons stated herein, Defendant Anderson's Motion to Dismiss (Doc. 10) is GRANTED. Defendant Anderson is dismissed from this action with prejudice. This action shall proceed against Defendant Graham Shrimp Co. Inc.

**DONE and ORDERED** this 22nd day of January, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE